UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBYN LEINEKE,

      Plaintiff,                         Case No. 2:23-cv-12144

v.                                          Hon. Sean F. Cox

REGENTS OF THE UNIVERSITY OF MICHIGAN,

      Defendant.

| Noah S. Hurwitz (P74063) | David J. Masson (P37094) |
|---|---|
| Kara F. Krause (P85487) | University of Michigan |
| Hurwitz Law PLLC | Office of the General Counsel |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 340 Beakes St., Suite 125 | 1109 Geddes Ave., Suite 2300 |
| Ann Arbor, MI 48104 | Ann Arbor, MI 48109 |
| (844) 487-9489 | (734) 764-0304 |
| noah@hurwitzlaw.com | dmasson@umich.edu |
| kara@hurwitzlaw.com | |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Robyn Leineke ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, states the following for her First Amended Complaint against Defendant Regents of the University of Michigan ("Defendant"):

## INTRODUCTION

1. Defendant violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* by denying Plaintiff Robyn Leineke ("Plaintiff")'s medical accommodation request and terminating her, effective January 23, 2022.

1

## PARTIES AND JURISDICTION

2. Plaintiff is an individual residing in Brighton, Michigan.

3. Defendant is a "body corporate" pursuant to Section 5 of the Michigan Constitution headquartered in Ann Arbor, Washtenaw County, Michigan.

4. The U.S. District Court for the Eastern District of Michigan has federal question jurisdiction over her claims of failure to accommodate and discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

5. Venue is proper under 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

6. Plaintiff received her right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") on June 16, 2023.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired as Defendant's Registered Nurse on May 13, 2019.

8. Plaintiff was an excellent performer of her job duties.

9. Defendant announced a mandatory vaccine policy on November 12, 2021, requiring that all employees to be fully vaccinated by January 4, 2022.

10. Plaintiff cannot receive vaccinations due to her disability or disabilities.

11. Plaintiff reported symptoms of shortness of breath, "fast heart rate," "palpitations," "[feeling] lightheaded," "heart flutters," "leg swelling," and "swelling of her arm," to her primary care physician ("PCP"), Dr. Kavitha Baddam.

2

12. Plaintiff's cardiac symptoms worsened and substantially limited "one or more major life activities" within the meaning of 42 U.S.C. 12102, causing her to be referred to and treated by a cardiologist, Dr. Thomas E. Vanhecke.

13. Plaintiff could no longer put on her own shoes.

14. Plaintiff could no longer lie down to sleep.

15. Plaintiff's symptoms were not the result of "any new medicine."

16. Plaintiff's symptoms were not the result of "[p]hysical activity."

17. Plaintiff was diagnosed with the following disabilities: "[e]dema," "[h]yperlipidemia," "[p]alpitations," and "pericardial effusion."

18. Plaintiff subsequently received multiple echocardiograms, including on November 26, 2013, December 12, 2013, and January 27, 2014.

19. Plaintiff's echocardiogram reports state an indication of "[e]dema."

20. An echocardiogram is an ultrasound test that checks the structure and function of a patient's heart, which can diagnose a range of conditions.

21. Plaintiff was advised to wear cardiac event monitor from November 22, 2013 to December 21, 2013, which showed pericardial thickening.

22. A cardiac event monitor is a portable device used to record a patient's heart's electrical activity, and records the same information as an electrocardiogram.

23. Plaintiff's medical records, including from November 26, 2013 and January 27, 2014, indicate a "[r]ecent vaccination reaction."

24. Plaintiff missed at least one day of work because of her disability.

25. Plaintiff also received accommodations at work because of her condition, including not being assigned to any "code blue" announcements.

26. Plaintiff received another echocardiogram on December 15, 2021.

27. The echocardiogram revealed permanent damage to her heart.

28. Plaintiff submitted a medical accommodation request on December 26, 2021, including a note signed by Dr. Vanhecke on December 15, 2021, stating that she has "[p]rior history of severe influenza vaccine reaction in the past," and "[p]resented with diffuse edema and right-sided heart failure symptoms."

29. Dr. Vanhecke is a cardiologist and a medical doctor affiliated with Ascension Medical Group Genesys Heart Institute in Grand Blanc, Michigan.

30. Dr. Vanhecke holds board certifications, including in Cardiovascular Disease and Advanced Heart Failure and Transplant Cardiology.

31. Dr. Vanhecke is not an allergist.

32. Dr. Vanhecke is not an immunologist.

33. Dr. Vanhecke did not state that her reaction was "allergic."

34. Plaintiff has not been prescribed epinephrine.

35. Plaintiff does not suffer from sensitivity to airborne agents.

36. Defendant never contacted Dr. Vanhecke.

37. House Manager Sheila Rodriguez never contacted Dr. Vanhecke.

38. Plaintiff's medical accommodation request was denied.

39. Defendant never provided any specific reason for the denial.

40. Defendant failed to provide a reasonable accommodation.

41. Plaintiff could have been granted multiple accommodations, including:

    a. Plaintiff could have worn a face mask.
    b. Plaintiff could have worked at a social distance from others.
    c. Plaintiff could have worked a modified shift.
    d. Plaintiff could have tested periodically.
    e. Plaintiff could have teleworked.
    f. Plaintiff could have been reassigned.
    g. Plaintiff could have engaged in frequent disinfecting.
    h. Plaintiff could have submitted to temperature checks.

42. Plaintiff was subsequently terminated, effective January 23, 2022.

43. Defendants failed to engage in the interactive process.

## COUNT I
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## FAILURE TO ACCOMMODATE

44. Plaintiff incorporates by reference the foregoing paragraphs.

45. Plaintiff is an "individual with a disability" with a "a physical or mental impairment," or she was regarded as such. 29 U.S.C. § 705(20)(A).

46. Plaintiff has been advised by a medical doctor to not receive vaccinations because of her disability or disabilities, including edema, hyperlipidemia, palpitations, pericardial effusion, and right-sided heart failure.

5

47. Plaintiff's cardiac symptoms have worsened and substantially limited "one or more major life activities" within the meaning of 42 U.S.C. 12102, causing her to be referred to and treated by a cardiologist and medical doctor, Dr. Vanhecke.

48. Plaintiff could no longer put on her own shoes.

49. Plaintiff could no longer lie down to sleep.

50. Plaintiff has received multiple echocardiograms.

51. Plaintiff's echocardiogram reports state an indication of "[e]dema."

52. Plaintiff received another echocardiogram on December 15, 2021.

53. The echocardiogram revealed permanent damage to her heart.

54. Plaintiff submitted a medical accommodation request on December 26, 2021, including a note signed by Dr. Vanhecke on December 15, 2021, stating that she has "[p]rior history of severe influenza vaccine reaction in the past," and "[p]resented with diffuse edema and right-sided heart failure symptoms."

55. Plaintiff was otherwise qualified for her position.

56. Defendant knew or had reason to know of her disability.

57. Defendant failed to provide an accommodation.

58. Plaintiff could have been granted multiple accommodations, including:

    a. Plaintiff could have worn a face mask.
    b. Plaintiff could have worked at a social distance from others.
    c. Plaintiff could have worked a modified shift.
    d. Plaintiff could have tested periodically.
    e. Plaintiff could have teleworked.
    f. Plaintiff could have been reassigned.

      g.    Plaintiff could have engaged in frequent disinfecting.
      h.    Plaintiff could have submitted to temperature checks.

59. None of these accommodations would have imposed undue hardship.

60. Defendant failed to continually engage in an interactive process.

61. Defendant was legally required to do so before terminating her.

62. Plaintiff was treated differently than other employees who had no disabilities, or other employees who were not regarded as having a disability.

63. Defendant's conduct in this regard was knowing and willful.

64. Defendant acted with malice or reckless indifference in this regard.

65. Plaintiff has been placed in financial distress and suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and will so suffer in the future; she has been required to employ the services of an attorney and will suffer additional damages in the future, as a direct and proximate result.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## DISCRIMINATION AND RETALIATION

66. Plaintiff incorporates by reference the foregoing paragraphs.

67. Plaintiff is an "individual with a disability" with a "a physical or mental impairment," or she was regarded as such. 29 U.S.C. § 705(20)(A).

68. Plaintiff was otherwise qualified for her position.

69. Plaintiff has been advised by a medical doctor to not receive vaccinations because of her disability or disabilities, including edema, hyperlipidemia, palpitations, pericardial effusion, and right-sided heart failure.

70. Plaintiff's cardiac symptoms have worsened and substantially limited "one or more major life activities" within the meaning of 42 U.S.C. § 12102, causing her to be referred to and treated by a cardiologist and medical doctor, Dr. Vanhecke.

71. Plaintiff could no longer put on her own shoes.

72. Plaintiff could no longer lie down to sleep.

73. Plaintiff has received multiple echocardiograms.

74. Plaintiff's echocardiogram reports state an indication of "[e]dema."

75. Plaintiff received another echocardiogram on December 15, 2021.

76. The echocardiogram revealed permanent damage to her heart.

77. Plaintiff submitted a medical accommodation request on December 26, 2021, including a note signed by Dr. Vanhecke on December 15, 2021, stating that she has "[p]rior history of severe influenza vaccine reaction in the past," and "[p]resented with diffuse edema and right-sided heart failure symptoms."

78. Plaintiff thereby engaged in protected activity.

79. Plaintiff thereafter suffered an adverse employment action when she was terminated on January 23, 2022, because of her disability or disabilities.

80. Defendant had no legitimate reason for terminating her.

81. Defendant knew or had reason to know of her disability.

82. Defendant's reason for terminating her was a pretext.

83. Plaintiff was treated differently than other employees who had no disabilities, or other employees who were not regarded as having a disability.

84. Plaintiff has been placed in financial distress and suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and will so suffer in the future; she has been required to employ the services of an attorney and will suffer additional damages in the future, as a direct and proximate result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Attorneys' fees and costs; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah Hurwitz (P74063)
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104

9

                                              (844) 487-9489
                                              *noah@hurwitzlaw.com*

Dated: November 1, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBYN LEINEKE,

      Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

      Defendant.

Case No. 2:23-cv-12144

Hon. Sean F. Cox

| Noah S. Hurwitz (P74063) | David J. Masson (P37094) |
|---|---|
| Kara F. Krause (P85487) | University of Michigan |
| Hurwitz Law PLLC | Office of the General Counsel |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 340 Beakes St., Suite 125 | 1109 Geddes Ave., Suite 2300 |
| Ann Arbor, MI 48104 | Ann Arbor, MI 48109 |
| (844) 487-9489 | (734) 764-0304 |
| noah@hurwitzlaw.com | dmasson@umich.edu |
| kara@hurwitzlaw.com | |

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, Robyn Leineke, by and through her attorneys, Hurwitz Law PLLC, hereby demands a trial by jury in the above-captioned matter for all issues triable.

                                              Respectfully Submitted,
                                              HURWITZ LAW PLLC

                                              */s/ Noah S. Hurwitz*
                                              Noah S. Hurwitz (P74063)
                                              *Attorney for Plaintiff*

Dated: November 1, 2023